```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :   CRIM. NO.  4:12-CR-0011
                                :
           v.                   :   (Judge Conner)
                                :
RICKY JEROME SMITH              :   ELECTRONICALLY FILED
```

**BRIEF IN SUPPORT OF THE UNITED STATES'
RESPONSE TO DEFENDANT'S DEMAND
FOR BILL OF PARTICULARS**

Defendant Ricky Smith has moved for a Bill of Particulars. The United States opposes the motion, and in support of its opposition, submits the following grounds.

### I. Procedural History

On January 25, 2012, the defendant was indicted by the Grand Jury for the Middle District of Pennsylvania. The indictment contains three counts stemming from an incident at the United States Penitentiary at Lewisburg, Pennsylvania on January 19, 2012.  Count One charged the defendant with a violation of Title 18, United States Code, Section 111(a)(1) and (b), assault on a correctional employee resulting in bodily injury.  Count Two charged the same offense, however without bodily injury. And, Count Three charged the defendant with resisting and impeding correctional officers in the performance of their duties.

On January 26, 2012, the defendant was arraigned and had his initial appearance before the court.  The Court entered a plea of "not guilty" at his arraignment. As stated earlier, on March 26,

2012, the defendant filed a motion, and supporting brief, (Docs.49,50) requesting a Bill of Particulars.

**Issue:**

Whether your Honorable Court should in its discretion require the Government to create lists or provide detailed evidentiary materials to the defendant through a bill of particulars particularly since this information is available in materials already available to the defense through the discovery?

**Argument**

### Introduction

Rule 7(f) of the Federal Rules of Criminal Procedure, provides that:

> The Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The purpose of a bill of particulars is to inform the defendant of the nature of the charges brought against them so as to enable an adequately prepared defense, avoid surprises during the trial, and protect against a second prosecution for an inadequately described offense. United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir.), cert. denied, 405 U.S. 936, 92 S. Ct.

949, reh. denied, 405 U.S. 1048, 92 S. Ct. 1309 (1972); United States v. Joseph, 510 F. Supp. 1001 (E.D. Pa. 1981); United States v. Peifer, 474 F. Supp. 498, 500 (E.D. Pa.), aff'd, 615 F.2d 1354 (3d Cir. 1979), cert. denied, 446 U.S. 940, 100 S. Ct. 2162 (1980). A bill of particulars is not an investigative vehicle for the defense and is not available as a tool "to obtain detailed disclosure of the government's evidence prior to trial. United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978). A bill of particulars is to be granted only where the indictment itself is too vague or indefinite to accomplish these objectives. United States v. Addonizio, supra.; United States v. Narcrelli, 468 F. Supp. 241, 250 (E.D. PA 1979), aff'd, 614 F.2d 771 (3d Cir. 1980); United States v. Feliziani, 472 F. Supp. 1037, 1045 (E.D. Pa.), aff'd, 622 F.2d 580 (3d Cir. 1979); United States v. Bloom, 78 F.R.D. 591, 599 (E.D. Pa. 1977).

A bill of particulars is not a matter of right and decisions on such requests lie within the discretion of the trial court. They are reviewable only for an abuse of that discretion. Wong Tai v. United States, 273 U.S. 77, 82, 47 S. Ct. 300, 302 (1927); United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975), cert. denied, sub nom, Gazal v. United States, 423 U.S. 858, 96 S. Ct. 111 (1975); United States v. Ahmad, 53 F.R.D. 194 (M.D. Pa. 1971). Moreover, denial of a bill of particulars is seldom

3

reversible error even when there may have been an abuse of discretion, United States v. Cohen, 145 F.2d 82 (2d Cir. 1944), cert. denied, 323 U.S. 799, 65 S. Ct. 553 (1945), unless there is a showing that the defendant was unfairly surprised or prejudiced at the trial by the Government's evidence.  United States v. Kushner, 135 F.2d 668, 673 (2d Cir.), cert. denied, 320 U.S. 212, 63 S. Ct. 1449 (1943); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.), reh. denied, 569 F.2d 979 (5th Cir.), cert. denied, 439 U.S. 819 (1978).

Finally, in the Third Circuit, attempts by Defendants to obtain, through a bill of particulars, the minutia of the prosecution's evidence or preview of the Government's proof have been rejected.  United States v. Addonizio, supra; United States v. Conway, 415 F.2d 158, 161-162 (3d Cir. 1979); United States v. Jaskiewicz, 278 F.Supp. 525, 529 (E.D. Pa. 1968), aff'd, 433 F.2d 415 (3d Cir. 1970), cert. denied, 400 U.S. 1021.  As the Court stated in United States v. Boffa, 513 F. Supp. 444 (D. Del. 1980), a case the prosecution respectfully submits correctly articulates the Third Circuit standards as they apply to a bill of particulars:

> [I]t is still firmly established
> that a defendant is entitled
> neither to a wholesale discovery of
> the Government's evidence, United
> States v. Birrell, 263 F. Supp. 113
> (S.D.N.Y. 1967), nor to a list of
> the Government's prospective
> witnesses, United States v.

4

> Jaskiewicz, 278 F. Supp. 525 (E.D. Pa. 1968). Furthermore, there is no requirement that the Government weave all the information at its command into a warp of fully integrated trial theory for the benefit of the defendants, United States v. Addonizio, 451 F.2d 49, 64 (3d Cir.), cert. denied, 405 U.S. 936, 92 S. Ct. 949, 30 L. Ed. 2d 1309, 31 L. Ed. 2d 591 (1972).

United States v. Boffa, supra.

In denying the particulars which had been requested by the Defendants in Boffa, and to which the United States had partially objected, the Court explained the balancing which the Court must do when deciding whether or not to grant particulars.

> One of the main policy reasons for restricting its applicability is to avoid "freezing" the Government's evidence in advance of trial. Such freezing comes about because of the rule that requires proof at trial to conform to the particulars furnished in a bill. United States v. Neff, 212 F.2d 297, 309 (3d Cir. 1954); United States v. Allied Asphalt Paving Co., 451 F.Supp. 804, 812 (N.D. Ill. 1978). Thus, the Court is required to balance restricting the Government's proof against protecting defendants from surprise.

United States v. Boffa, supra.

While the Government could recite for the Court a multitude of cases which deal with the complete denial or partial denial of bills of particulars this effort would not be particularly

illuminating for as Judge Rosenn, citing a quotation from United States v. Russo, 260 F.2d 849, 850 (2d Cir. 1958), so ably concluded in Addonizio:

> In the final analysis . . . the granting of a bill of particulars remains a discretionary matter with the trial court, and it is still 'obviously a matter of degree how far an accused must be advised in advance of the details of the evidence that will be produced against him, and no definite rules are possible.'

United States v. Addonizio, supra, at 64.

With this general background an analysis of the Defendant's unfulfilled requests and the Government's position will be undertaken.

The indictment is not vague. The date of the incident is provided, the nature of the charges, and the location of the assaults, the Lewisburg Penitentiary. The Government has provided to the defendant dated reports prepared by the corrections employees who were present when the incidents involving the defendant occurred. Smith has also been provided the medical assessments of the victims. Smith's standby counsel has been provided the videos from the prison cameras with the necessary video program which allows the videos to be viewed. Indeed, from all the discovery Smith has been provided he clearly is aware of the Government's case. In short, the bulk of the Government's case is already in the hands of the defense.

6

**Conclusion**

For the above stated reasons, on balance, and given the details of the Indictment in this case, the particulars provided and the discovery which already has occurred, Smith's requests should be denied.  It is respectfully submitted therefore that the defendant's demands for a bill of particulars be denied.

Respectfully submitted,

PETER J. SMITH
United States Attorney

By s/William C. Simmers
WILLIAM C. SIMMERS
Assistant United States Attorney
PA ID 83865
Herman T. Schneebeli Federal Bldg.
240 West Third Street, Suite 316
Williamsport, PA 17701-6465
Tele: (570) 326-1935
FAX: (570) 326-7916
Electronic Mail:
Bill.Simmers@usdoj.gov

Dated: April 18   , 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIM. NO. 4:12-CR-0011
:
    v. : (Judge Conner)
:
RICKY JEROME SMITH : **ELECTRONICALLY FILED**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing

**BRIEF IN SUPPORT OF THE UNITED STATES'
RESPONSE TO DEFENDANT'S DEMAND
FOR BILL OF PARTICULARS**

by mailing electronically on April   18  , 2012, to:

ADDRESSEE:     Stephen F. Becker
                   sbecker@shapiro-becker.com

and to be mailed prepaid, United States postage on the same date to:

ADDRESSEE:     Ricky Jerome Smith
                 **Columbia County Jail**
                 721 Iron Street
                 Bloomsburg, PA 17815


                                        S/William C. Simmers
                                        WILLIAM C. SIMMERS
                                        Assistant United States Attorney