1          IN THE UNITED STATES DISTRICT COURT

2         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

3
United States of America        :
4                               :
                                :
5          vs                   :    4:12-CR-11
                                :
6                               :
Ricky Jerome Smith              :
7

8

9

10

11        BEFORE:       Magistrate William I. Arbuckle, III

12        PLACE:        Williamsport, Pennsylvania

13        PROCEEDINGS:  Initial Appearance on SS Indictment

14        DATE:         Monday, August 13, 2012

15        VOLUME:       One

16

17

18

19   APPEARANCES:

20   For the United States:    William C. Simmers, Esquire
                               U.S. Attorney's Office
21                             240 West Third Street
                               Suite 316
22                             Williamsport, PA  17701

23   For the Defendant:        Stephen F. Becker, Esquire
         (stand-by)           Shapiro & Becker
24                             114 Market Street
                               Lewisburg, PA  17837
25

1                    (1:35 p.m., convene.)

2          MR. BECKER:  Good afternoon, Your Honor.

3          THE COURT:  Good afternoon, Mr. Becker.  Mr. Simmers.

4   And Mr. Smith, good afternoon, sir.

5          Mr. Simmers, would you call the case, please?

6          MR. SIMMERS:  I will, Your Honor.  This is the case of

7   United States of America versus Ricky Smith.  It's docketed at

8   4:CR-12-11.  If the Court remembers, the defendant had an

9   initial indictment from an event that occurred on January 19th,

10  2012.  A superseding indictment was filed, Your Honor, on

11  July 31st, 2012, and that superseding indictment has four

12  counts in it, Your Honor.  Counts one, two and three charge a

13  violation of Title 18 United States Code, section 111 (a)(1)

14  and (b), and count four charges a violation of Title 18 United

15  States Code, section (a)(1), which is resisting, imposing and

16  impeding.

17         This is the date Your Honor has scheduled for the

18  initial appearance of the defendant.

19         THE COURT:  And how is the superseding indictment

20  different than the original indictment that we had Mr. Smith on

21  last time we were in court?

22         MR. SIMMERS:  The superseding indictment, Your Honor,

23  charges an event from September 6th, 2011 where Mr. Smith once

24  again assaulted a correctional officer.

25         THE COURT:  So it adds an additional crime on an

1    additional day?

2              *MR. SIMMERS:*  Yes, sir.

3              *THE COURT:*  All right.  Mr. Smith, good afternoon.

4              *THE DEFENDANT:*  First I would like to say for the last

5    statement -- the statement -- the false statements, the

6    additional charges, are they from my past, are they from my

7    original indictment?  Hopefully he can clarify that for me real

8    fast for the record.

9              *THE COURT:*  Mr. Becker, would you move the microphone

10   a little closer, please?  We want to make sure the court

11   reporter gets everything down.  Go ahead, Mr. Smith.

12             *THE DEFENDANT:*  Basically I hope -- hopefully the

13   district attorney, the government attorney can clarify his last

14   statements on the record as for the additional charge, the

15   additional superseding indictment as being an additional --

16   additional -- additional incident based on the superseding

17   indictment from the past or from the earlier incident.

18   Hopefully based on that scenario, can the government clarify

19   that for me?

20             *THE COURT:*  I'll be glad to try.  Mr. Simmers, would

21   you give us the date and the offenses on the original

22   indictment and then tell us how this supplements -- or the

23   superseding indictment either charges or adds charges?

24             *MR. SIMMERS:*  Sure, Your Honor.  The original

25   indictment had three counts in it.  Count one and two charge

1    assault on two correctional officers on January 19th, 2012.

2          THE COURT:  January 19th of '12?

3          MR. SIMMERS:  2012.  They would be violations of Title

4    18 United States Code, section 111(a)(1) and (b).  Then the

5    third count on that indictment charged a violation of 111(a)(1)

6    in that Mr. Smith resisted, imposed and impeded officers in the

7    performance of their duty, also on January 19th, 2012.

8          Then the first superseding indictment is a renumbering

9    because I went in the order of the calendar of when the events

10   that occurred.  The count one now charges a violation of Title

11   18 United States Code, section 111(a)(1) and (b).  And this is

12   a September 6th, 2011 incident in which Mr. Smith assaulted

13   another correctional officer, which is contained in the

14   indictment SP on that date, which resulted in bodily injury.

15         THE COURT:  All right.  I think I now have it.

16         Mr. Smith, as I understand what he's telling us, the

17   original charge were three counts relating to an incident on

18   January 19th of this year.  The additional count, which is now

19   count one of this superseding indictment, charges a separate

20   incident that they allege occurred on September 6th of 2011.

21   So that's the difference between the two indictments.  Does

22   that clarify that for you, sir?

23         THE DEFENDANT:  I was asking for him to clarify for

24   the record his statements.  Not for the -- I basically am

25   familiar.  I received the superseding indictment from the

1    government attorney's office.

2          But so my second question is this, basically the

3    initial hearing as far as the superseding indictment, what type

4    of a hearing are we having?  Because basically I received no

5    due process notice of today's hearing whatsoever.  I did a

6    little over two hours ago.  I was basically informed I was

7    going to be transported to court.  Basically I have no idea why

8    I'm here or what type of hearing we're having or any

9    preparation, defense or whatever the situation may be.  I have

10   nothing.  I'm totally in the blind as far as this hearing.

11         THE COURT:  Well, let me see if I can't help you out.

12   This is an initial appearance on a superseding indictment,

13   which means the grand jury, as we have just discussed, through

14   the -- at the request of the U.S. Attorney, has added an

15   additional charge.  Our purpose here today in court is to do

16   four things.

17         First I want to make sure you have a copy of the

18   charges.  Two, we're going to talk about having a lawyer or

19   not.  Third, we're going to make sure you have court dates.

20   We're going to talk about the Court dates.  And then fourth, if

21   it's appropriate, we'll discuss the issue of bail.  Although I

22   think it's -- it may not be moot in your case, but we'll

23   discuss that.

24         THE DEFENDANT:  Right.

25         THE COURT:  So four things; a copy of the charges,

1     whether or not you want or need a lawyer, court dates and bail.

2               THE DEFENDANT:  Okay.

3               THE COURT:  That's all we're doing today.  It's an

4     initial appearance.  It's not a trial.

5               THE DEFENDANT:  Okay.  I understand, Judge.  Can I

6     have your name, Judge?

7               THE COURT:  Oh, sure.

8               THE DEFENDANT:  Are you the trial judge?

9               THE COURT:  I am Magistrate Judge William Arbuckle.

10              THE DEFENDANT:  So you're the original magistrate

11    judge?

12              THE COURT:  The same one.  You and I were together a

13    few months ago, or weeks ago, on this case.

14              THE DEFENDANT:  So basically you're familiar with the

15    situation concerning this case?  Are you familiar with my

16    pretrial motions, any pretrial motions?

17              THE COURT:  The original ones that you gave the --

18    when you were in front of me, which I ruled on and gave you

19    leave to file a brief if you chose to.  And I know then in your

20    case you've been before Judge Conner, as I understand it.

21              THE DEFENDANT:  So other than that, you have -- did

22    you have no knowledge of the pretrial motions?

23              THE COURT:  I have no motions in front of me as the

24    magistrate judge.

25              THE DEFENDANT:  So this initial hearing, basically the

1    situation being the same, basically everything -- my position

2    will stay the same of everything in the pretrial, the pretrial

3    motions.  Basically I'm now asking to waive -- I'm asking to

4    continue this hearing.  Due to not being given due process

5    notice, not having proper preparation, I have no -- I have no

6    defenses for the superseding indictment, the constitutional

7    violations as far as that matter.

8         So as far as now, basically I ask for a continuance

9    for this initial hearing without it affecting my trail date.

10   Are you aware of my trail date?

11        *THE COURT:*  I am.  That's one of the things that we

12   want to talk about.  Now, let me just say in terms of raising

13   defenses.  By appearing here today --

14        *THE DEFENDANT:*  I mean -- by defense I mean anything

15   as far as protecting my constitutional rights.

16        *THE COURT:*  No.  I understand.  And you articulated

17   that the last time we were together.

18        *THE DEFENDANT:*  I'm saying, Judge, the superseding

19   indictment.

20        *THE COURT:*  That's right.

21        *THE DEFENDANT:*  I received this a little over a week

22   ago.  I haven't no notice for coming into court today.  I

23   haven't been told I was coming to court and haven't been told

24   to prepare for court, not by the stand-by counsel, by the

25   government or by the Court, which is you as the magistrate

1    judge, which this superseding indictment was filed over a week

2    ago.

3            So basically I ask for a continuance without its

4    affecting my August 24th trial date.  Now, basically this

5    all --

6            THE COURT:  Let me talk and then -- well, go ahead.

7    You finish and then I'll go.  One at a time.  The court

8    reporter won't be able to take us if we don't.  You finish and

9    then I'll talk.

10           THE DEFENDANT:  Basically my position is already as

11   stated in the pretrial motions that have been neglected by the

12   Court.  So now we're on the issue of superseding indictment.

13   It's multiple issues, multiple violations just concerning the

14   superseding indictment and in preparation for the trial date.

15   So as of now, I ask for a continuance of this initial hearing

16   dealing with the superseding indictment without affecting the

17   August 24th trial date.  That's basically all I have to say

18   this morning.

19           My position concerning the stand-by counsel has been

20   stated in my pretrial briefs.  My position as far as basically

21   the situation dealing with the case is everything is in the

22   pretrial basically, which is on record.  So basically my

23   position is the same.  I would like to state -- basically just

24   that's my only statement.  That's my last statement at this

25   time.

1          I would like to continue this hearing due to the

2     situation already explained three minutes, three seconds ago

3     without it affecting the August 24th trial date, which is a

4     whole another issue in itself.  That's my only request.

5          THE COURT:  Right.  Okay.

6          THE DEFENDANT:  I would like --

7          THE COURT:  I understand your request for a

8     continuance.  I'm going to deny the request for a continuance.

9     And let me tell you why.  The whole purpose of an initial

10    appearance is not for all of the motions to be filed but for me

11    as the judge to make sure that you got a copy of the new

12    charges so that you can start the clock for time to file

13    motions, if that's what you decide you want to do.

14         THE DEFENDANT:  Judge, so -- can I ask a question of

15    why the superseding indictment came so late for a simple

16    additional charge?

17         THE COURT:  Yeah.

18         THE DEFENDANT:  Can I understand that?

19         THE COURT:  The grand jury meets when the grand jury

20    meets.

21         THE DEFENDANT:  I understand that.  But can I ask --

22    can you get an answer from the people who did the superseding

23    indictment, please?

24         THE COURT:  Mr. Simmers, do you choose to respond to

25    that request?

1          MR. SIMMERS:  Your Honor, it was just a prerogative.

2     We're within five years, and we have the prerogative to do

3     that.  Frankly, his history at these county prisons is

4     atrocious.

5          THE COURT:  That's an issue for bail.

6          THE DEFENDANT:  Can he explain the history at the -- I

7     don't understand.  See, he's making statements without

8     clarifying.

9          THE COURT:  And I cut him off because I don't want to

10    hear it at this time.  What I -- his response to your question

11    about the timing of the superseding indictment was it's the

12    prerogative of the government to bring the charge at any time

13    within the five year statute of limitations.  You don't have to

14    like the answer.

15         THE DEFENDANT:  I understand that, Judge.  But as far

16    as affecting -- I'm saying this is related to my trial date.

17    That's basically why I'm trying to continue this.  I don't even

18    want to address this now, because I'm only aware in the last

19    two hours of this -- of this court hearing.  So basically I am

20    asking for constitutional protection to waive this initial

21    hearing that speaks for itself.  It's automatic.  Okay.

22         THE COURT:  Well, and when we get --

23         THE DEFENDANT:  Judge.

24         THE COURT:  Now let me just say a couple of things.

25    My notes indicate that your case is set for trial on Monday,

1   August 27th.  You've said the 24th a couple of times.

2   Mr. Simmers, do you have any insight on that?

3         *MR. SIMMERS:*  No, Your Honor.  It's still scheduled

4   for August 27th.

5         *THE COURT:*  The 27th.  The trial date on the court

6   docket is Monday, August 27 for jury selection.  And one of the

7   things we're going to do when we get to part three is we're

8   going to talk about if you want to protect that trial date or

9   not.  That choice, of course, is yours.  And I'm going to give

10  that opportunity if you want.

11        *THE DEFENDANT:*  To what?

12        *THE COURT:*  To protect that trial date.

13        *THE DEFENDANT:*  Which is the reason I'm asking for a

14  continuance, because basically for the second or third time the

15  situation of today.

16        *THE COURT:*  I understand.

17        *THE DEFENDANT:*  You're asking me to make a case.  So

18  it's kind of like you forcing me to make a decision, with the

19  prosecutor for whatever the reasons are.

20        *THE COURT:*  No, no.  If we need to reset it and you

21  need some time, we're going to do that.  That's all right.

22        *THE DEFENDANT:*  But what I'm telling you is, which is

23  what I said earlier is if I have to -- is basically the

24  situation with the trial being continued.  Basically most of

25  the numerous violations that are there that I'm sure you know

1    of -- I'm sure -- I'm sure you're aware of this, dealing with

2    the due process and dealing with speedy trial rights, et

3    cetera, et cetera.  So you ask me to make a decision but you're

4    telling me this is just an initial hearing, Judge.

5          THE COURT:  When we get to that point if you don't

6    want to make that decision, you don't have to.

7          THE DEFENDANT:  Judge.

8          THE COURT:  Let's move on.  That was -- again, we just

9    have to do this one at a time.

10         THE DEFENDANT:  Due to your position on the record,

11   Judge, I ask to refrain from any other statements.  I asked for

12   a continuance.  And everything, everything else you're forcing

13   me to waive concerning this initial hearing.

14         THE COURT:  I'm not going to force you to waive

15   anything.  But I do deny your request for a continuance.

16         THE DEFENDANT:  Judge, anyway --

17         THE COURT:  Have you received --

18         THE DEFENDANT:  Judge.

19         THE COURT:  Now we can only talk one at a time.  Have

20   you received a copy of the superseding indictment?

21         THE DEFENDANT:  Judge, do I have the right to be -- do

22   I have the right to refrain from being present at this initial

23   hearing?

24         THE COURT:  Yeah, you don't have to participate.

25         THE DEFENDANT:  Can I leave immediately?  Can I be

1   permitted to leave the courtroom, please?  Can I be escorted

2   from the courtroom?

3       THE COURT:  Before you go, I want to make sure you

4   understand.

5       THE DEFENDANT:  Judge, I understand.  This is my

6   second initial hearing.  I understand from the first initial.

7   Basically my request right now is to be escorted from the

8   hearing.  Do I have that right?

9       THE COURT:  No.  When we're finished with the four

10  items that we're going to discuss.

11      THE DEFENDANT:  I waive the initial hearing due to the

12  position which is on the record, your position you stated to me

13  three seconds ago, three minutes ago.  Basically I don't want

14  to participate.  Do I have that right not to be here?

15      THE COURT:  No, because my job is to make sure that

16  that waiver is both knowing and voluntary.  In order to do that

17  I have to ask you a series of questions.

18      THE DEFENDANT:  Why can't you ask a series of

19  questions, please, relating to my wish to not be present?

20      THE COURT:  Yes.  I'm going to do that right now.

21      THE DEFENDANT:  Thank you.

22      THE COURT:  You have a right to be represented by a

23  lawyer in this case.  Earlier you have indicated that you did

24  not want a court-appointed lawyer, that you wanted to represent

25  yourself.

1          *THE DEFENDANT:*  No.  Which is -- no, I don't

2     remember -- I have no recollection of that on record.

3          *THE COURT:*  Okay.

4          *THE DEFENDANT:*  Basically the situation is it doesn't

5     have to be discussed at this time, because like I said at the

6     opening of this hearing, this hearing that we're having, is

7     that everything is in pretrial.  Everything is in there.  I

8     stated all my positions in the pretrial.  If you'd like to

9     discuss that about this initial proceeding hearing, just read

10    through the pretrial records, which you stated earlier you had

11    knowledge of the past, the initial hearing or the past

12    arraignment.

13         But basically this is another issue, which I don't

14    want to go on the record with anything because I had no -- once

15    again, I had no opportunity to prepare a defense for today.  I

16    only had two hours in a holding cell.  Basically that wasn't --

17    I had no knowledge of basically until I got in the courtroom

18    and until I asked you a question at the beginning of the

19    hearing that this was an initial appearance for the superseding

20    indictment.

21         *THE COURT:*  That's right.

22         *THE DEFENDANT:*  For all of the areas you have to go in

23    if you want to conduct this hearing, I'm telling you once again

24    I'm not prepared.  I would like to continue this.  You denied

25    it.  And I'm asking --

1          *THE COURT:*  For permission to leave, and I'm denying

2     that because my job is to get through certain things.

3          *THE DEFENDANT:*  I understand your job.  But I am on

4     the record that I'm aware -- I'm aware of your job and I'm

5     aware of the situation.  I have knowledge -- I'm knowingly

6     making this decision.  I'm just asking to leave the courtroom,

7     please.

8          *THE COURT:*  As soon as we get done answering the

9     questions.

10          *THE DEFENDANT:*  So I have no right to --

11          *THE COURT:*  You do not have a right to leave until you

12     have answered my questions.

13          *THE DEFENDANT:*  I don't want to answer any questions,

14     Judge.

15          *THE COURT:*  All you have to do when I ask you the

16     question is say I don't want to answer.

17          *THE DEFENDANT:*  Judge, I don't want to do that.  I

18     don't have to be forced to do that.  I'm telling you right now

19     I wish to waive my appearance due to this position.  That's all

20     I want.  You can conduct the hearing however you feel is

21     necessary without me being present.

22          *THE COURT:*  That's not how it works.

23          *THE DEFENDANT:*  How does it work then, Judge?

24          *THE COURT:*  It works that I ask you questions.

25          *THE DEFENDANT:*  I asked you do I have a right and you

1   said yes.  Now you saying --

2           THE COURT:  You have a right to leave when the minimum

3   parts of the hearing are finished.

4           THE DEFENDANT:  What is the minimum parts?  You
    just --
5           THE COURT:  I was about to do it, if you'll --

6           THE DEFENDANT:  You are just asking me to make this

7   decision.  You asked the question that had nothing to do with

8   that.  So I stated once again, if you asking questions that

9   have nothing to do with my waiving presence at this hearing,

10  then we're going around in circles, Judge.

11          THE COURT:  We're going to stop going around in

12  circles.

13          THE DEFENDANT:  So did you -- can I just say

14  something?

15          THE COURT:  No, you may not.  You must be quiet while

16  I talk.

17          THE DEFENDANT:  I will sit silent, Judge.

18          THE COURT:  When I am finished, I will give you a

19  chance.

20          THE DEFENDANT:  I don't want to talk, period, Judge.

21  I'm making no more --

22          THE COURT:  Then don't.  You have a right to have an

23  attorney and an attorney that would represent you at every

24  stage of the proceedings.  If you are unable to afford an

25  attorney, I will appoint one without cost to you.  You are now

1    charged with four separate offenses; three that are alleged to

2    have occurred on January 19th and one of this year and one that

3    is alleged to have occurred on September 6th, 2011.  You have

4    received a copy of that superseding indictment.  I believe that

5    you understand that you have a right to an attorney.

6           Do you want me to appoint an attorney to represent

7    you?

8           Hearing no response, I'll take that as a no.

9           THE DEFENDANT:  Judge, please can you take it as a no

10   response, Judge?  How would you take that as a no if it's a no

11   response?

12          THE COURT:  Because it's either a yes or a no, and if

13   you don't ask for one, then I will continue Mr. Becker as your

14   stand-by counsel.

15          THE DEFENDANT:  Judge, it's like you're forcing me to

16   answer a question --

17          THE COURT:  No.  No.

18          THE DEFENDANT:  -- when I say I would like to leave

19   the courtroom or I would rather remain silent in the courtroom.

20   Now you making false statements as of no when the answer is no

21   response, Judge.  Please, Judge -- Judge.

22          THE COURT:  I'll be glad to note your no response.

23   But I need to tell you what I believe no response means as a

24   matter of law.

25          THE DEFENDANT:  I understand what you say you believe.

1   The fact is it was no response.  So the fact of the matter,

2   Judge, is it requires what actually happened, a no response,

3   not taking it as what you perceive for whatever reason what you

4   want it to be, Judge.  But can --

5          THE COURT:  My next question to you, sir, is have you

6   studied law?  No response.

7          THE DEFENDANT:  Judge, this is not a waiver of my

8   presence.  Basically your earlier statement was -- you asked

9   the questions.  But see, I'm waiving my presence to this

10  hearing.  That has nothing to do -- the questions you are

11  asking, you are contradicting your statement, Judge.

12         THE COURT:  No.

13         THE DEFENDANT:  We went through this with the last

14  initial hearing dealing with the attorney and self

15  representation.  So now you're doing the self representation

16  hearing.  Basically do I have the right to refrain from this

17  hearing, Judge?

18         THE COURT:  No, you do not until I tell you that we're

19  finished.

20         THE DEFENDANT:  What part of the criminal procedure

21  can you refer me to as far as that, Judge?

22         THE COURT:  Rule five.  This is a rule five initial

23  appearance, and you must be present.  You've been ordered to be

24  present.  The marshals brought you here at my request.

25         THE DEFENDANT:  Do I have the right to -- since you

1    are telling me you order me to be present.

2              THE COURT:  I am.

3              THE DEFENDANT:  I'm asking you do I have the right to

4    remain silent in court?

5              THE COURT:  You may.

6              THE DEFENDANT:  So do I have the right to refrain --

7    to waive any questions?

8              THE COURT:  No.  You have to listen to the questions,

9    each one individually, and decide whether or not you are going

10   to respond.  If you don't respond, I will indicate for the

11   record that you have not responded.  I will then indicate what

12   that means to me as the judge.

13             THE DEFENDANT:  Judge, I object to this hearing.  This

14   is --

15             THE COURT:  I hear your objection.  It's denied.

16             THE DEFENDANT:  Judge.

17             THE COURT:  Now, I want you to please be quiet until I

18   ask you a question, and then I'm going to give you a chance to

19   respond.  Your choice would be to respond to my question or to

20   not.  When we are all done with these questions, and there are

21   14 of them, when I'm done with those 14 questions, if you want

22   to make a statement or if you have additional --

23             THE DEFENDANT:  Okay, Judge.

24             THE COURT:  -- information you want to provide, you

25   let me know.

1          *THE DEFENDANT:*  Do I have a right to verbally request

2     a judicial complaint?

3          *THE COURT:*  After I ask you these 14 questions, that

4     can go then.

5          *THE DEFENDANT:*  Okay.

6          *THE COURT:*  First question.  Have you ever studied

7     law?  No response.

8          Second question.  Have you ever represented yourself

9     in a criminal action?

10          *THE DEFENDANT:*  I request to remain silent on each

11     question, Judge.  I request to remain silent on the last

12     question, and I request to remain silent on the present

13     question.

14          *THE COURT:*  Noted.

15          Do you understand that you are charged with four

16     charges?

17          *THE DEFENDANT:*  Request to remain silent, Judge.

18          *THE COURT:*  Understood.

19          Do you understand that if you are found guilty of the

20     count charged in count one, the Court must impose an assessment

21     of $100 --

22          *THE DEFENDANT:*  Request to remain silent, Judge.

23          *THE COURT:*  I'm not done -- and could sentence you to

24     as many as --  Mr. Simmers, the maximum penalty for count one?

25          *MR. SIMMERS:*  For count one it would be 20 years.

1          THE COURT:  So for 20 years in prison and impose a

2     supervised release that would follow the imprisonment and fine

3     you as much as --

4          MR. SIMMERS:  $250,000.

5          THE COURT:  -- $250,000 and direct you to pay

6     restitution.  I'm not telling you that that would be your

7     sentence.  I'm telling you that that's the maximum penalty for

8     count one.  Do you understand that?

9          THE DEFENDANT:  Request to remain silent, Judge.

10          THE COURT:  Noted.

11          As to count two, the maximum -- an assessment of $100

12     and a maximum penalty of --

13          MR. SIMMERS:  Twenty years incarceration.

14          THE COURT:  -- twenty years in prison.  And a fine

15     of --

16          MR. SIMMERS:  $250,000.

17          THE COURT:  -- $250,000 plus supervised release and

18     restitution.  Do you understand that?

19          THE DEFENDANT:  Request to remain silent, Judge.

20          THE COURT:  Noted.

21          Next, count three.  Maximum penalty --

22          MR. SIMMERS:  Twenty years.

23          THE COURT:  -- twenty years and a fine of $250,000

24     plus a $100 special assessment and any restitution followed by

25     supervised release.  Do you understand that?

1          *THE DEFENDANT:*  Request to remain silent, Judge.

2          *THE COURT:*  Noted.

3          As to the final count, four.  Maximum penalty --

4          *MR. SIMMERS:*  Eight years.

5          *THE COURT:*  -- of eight years.  And a maximum fine

6     of --

7          *MR. SIMMERS:*  250,000.

8          *THE COURT:*  -- $250,000, plus a special assessment of

9     $100 and a term of supervised release and restitution.  Do you

10    understand that?

11         *THE DEFENDANT:*  Request to remain silent, Judge.

12         *THE COURT:*  Noted.

13         Do you understand that if you are found guilty of one

14    or more of these crimes, and I say if, the Court could order

15    that the sentences be served consecutively; that is one after

16    the other, not together or concurrently.  Do you understand

17    that?

18         *THE DEFENDANT:*  Request to remain silent, Judge.

19         *THE COURT:*  Noted.

20         Do you understand that there are advisory sentencing

21    guidelines that may have an effect on your sentence if you are

22    found guilty?

23         *THE DEFENDANT:*  Request to remain silent, Judge.

24         *THE COURT:*  Noted.

25         Do you understand that if you represent yourself you

1    are on your own; the judge in your trial, Judge Conner, would

2    not be able to tell or advise you how to try your case?  Do you

3    understand that?

4            *THE DEFENDANT:*  Request to remain silent, Judge.

5            *THE COURT:*  Noted.

6            Are you familiar with the Federal Rules of Evidence?

7            *THE DEFENDANT:*  Requesting to remain silent, Judge.

8            *THE COURT:*  Noted.

9            Do you understand that the rules of evidence govern

10   what evidence may or may not be introduced at trial and that if

11   you represent yourself, you must abide by those very technical

12   rules and that they will not be relaxed for your benefit

13   because you have chosen to represent yourself rather than have

14   a lawyer?  Do you understand that?

15           *THE DEFENDANT:*  Requesting to remain silent, Judge.

16           *THE COURT:*  Noted.

17           Are you familiar with the Federal Rules of Criminal

18   Procedure?

19           *THE DEFENDANT:*  Requesting to remain silent, Judge.

20           *THE COURT:*  Noted.

21           Do you understand that these rules; that is the Rules

22   of Criminal Procedure, govern the way a criminal case is tried

23   in federal court and that you will be bound by those rules and

24   that they will not be relaxed for your benefit because you have

25   chosen not to have a lawyer?

1          *THE DEFENDANT:*  Requesting to remain silent, Judge.

2          *THE COURT:*  Noted.

3          Now, I must advise you, Mr. Smith, that in my opinion

4     as a judge, a trained lawyer would defend you far better than

5     you could defend yourself.  I think it is unwise for you to try

6     to represent yourself.  You do not have the formal training

7     necessary in both law and procedure and the rules of evidence,

8     and I strongly urge you not to represent yourself.

9          Do you understand that that is my recommendation to

10    you?

11         *THE DEFENDANT:*  Requesting to remain silent, Judge.

12         *THE COURT:*  Noted.

13         Now, in light of the penalty that you might suffer if

14    you were found guilty of one or more of these charges, and in

15    light of all of the difficulties in representing yourself, do

16    you still desire to represent yourself and give up your right

17    to be represented by an attorney?

18         *THE DEFENDANT:*  Requesting to remain silent, Judge.

19         *THE COURT:*  It will be noted.

20         Because you have not responded to my questions, I will

21    assume that you do not want a court-appointed lawyer.

22         *THE DEFENDANT:*  Requesting to remain silent, Judge.

23         *THE COURT:*  That's noted.

24         *THE DEFENDANT:*  Note also that my response to your

25    questions was requesting to remain silent, not a non response.

1          *THE COURT:*  I understand.

2          *THE DEFENDANT:*  Hoping you can clarify for the record

3    and make accurate statements, please, Judge.

4          *THE COURT:*  The defendant has refused to answer any of

5    the 14 questions that I have asked him.  I believe, however,

6    that he was able to hear and respond to all of my questions,

7    and I have no reason to doubt that he understands the words or

8    the language that I use.  And I find that he has knowingly and

9    voluntarily waived his right to counsel, and I will permit him

10   to represent himself.  However, with the Court's indulgence, I

11   will request that Mr. Becker remain stand-by counsel.

12         *THE DEFENDANT:*  I object -- I object to that last

13   decision, Judge.  And also your last two decisions.  I reject

14   for the record, or object.

15         *THE COURT:*  Your objection is noted on the record.

16         *MR. BECKER:*  Your Honor, I think at this point, and I

17   hesitate to do this because I'm not sure what Mr. Smith wants,

18   but since I believe that his -- that there hasn't been a

19   knowingly and intelligent and voluntary waiver of counsel --

20         *THE DEFENDANT:*  Judge, can I just --

21         *THE COURT:*  One at a time, Mr. Smith.  You wait.

22         *MR. BECKER:*  Therefore, I believe that I should be

23   appointed to represent him.

24         *THE DEFENDANT:*  I object.

25         *MR. BECKER:*  Or some other counsel until he makes a

1   knowing, voluntary and intelligent waiver.

2          THE DEFENDANT:  Objection.

3          MR. BECKER:  I don't think not wanting to respond is a

4   waiver of counsel, Your Honor.  In fact, I think just the

5   opposite.  I think unless the Court is satisfied that he is

6   waiving his right to counsel, and invoking his Faretta rights

7   actively, I think the default should be that he is appointed

8   counsel.

9          THE DEFENDANT:  Okay, Judge.  Can I ask Attorney

10  Becker a question for the record since you're basically forcing

11  me to participate in the hearing?

12         THE COURT:  You may ask him either on or off the

13  record.  The choice is yours.

14         THE DEFENDANT:  Everything is on the record.

15         THE COURT:  Very well.  Go ahead.

16         THE DEFENDANT:  Attorney Becker wants this off the

17  record, this case, the whole eight months of this case.

18         My first question is basically Attorney Becker, are

19  you familiar with my pretrial motions concerning my position as

20  stand-by counsel, you as stand-by counsel, representation as

21  stand-by counsel?  Do you need the speaker?

22         MR. BECKER:  No.  I'm sorry.  I'm not sure I

23  understand.

24         THE DEFENDANT:  My question is have you --

25         MR. BECKER:  I looked at your pretrial motions, yes.

1          *THE DEFENDANT:*  So my pretrial motion for

2     reappointment of stand-by counsel or for dismissal of stand-by

3     counsel, are you familiar with that motion?

4          *MR. BECKER:*  I am, where you were asking me to be held

5     in contempt?

6          *THE DEFENDANT:*  No.  I'm asking, are you familiar with

7     that particular motion, that pretrial motion?

8          *MR. BECKER:*  If that's the one you are talking about,

9     I'm familiar with it.

10          *THE DEFENDANT:*  My second question is why not --

11     what's the issue with you willfully withdrawing from my case

12     during that period instead of waiting to now and doing this

13     issue once again?  That's basically my question for the record.

14     Can I have a statement on the record?

15          *MR. BECKER:*  Sure.  If you're asking me why I did not

16     withdraw.  Is that your question?

17          *THE DEFENDANT:*  Why you have not willfully withdrawn

18     the first occasion that you visited me in Clinton County Jail

19     and I asked you to withdraw from my case, that I did not desire

20     you to be -- to with involved with my case.  I want the

21     question for the record, for the judge.  Actually I want the

22     judge to ask you.

23          *MR. BECKER:*  I'll be glad to answer.  My reason for

24     not withdrawing was you at that time were going to represent

25     yourself and I was going to be stand-by counsel.  It didn't

1    matter whether you wanted me to withdraw because I wasn't your

2    attorney.

3         *THE DEFENDANT:*  Okay.  So a month or two later

4    concerning the motions to withdraw to be removed as stand-by

5    counsel, why not willful withdrawal?  Why wait to delay the

6    issue, delay my case, delay trial, delay whatever the situation

7    is?

8         *MR. BECKER:*  I don't understand your question.

9         *THE DEFENDANT:*  It's coming from your refusal to

10   withdraw from my case.  I'm not speaking in plain English?

11        *MR. BECKER:*  I answered the best I can, Mr. Smith.  I

12   have no further answer.

13        *THE DEFENDANT:*  So you are refusing to answer?

14        *MR. BECKER:*  I have no further answer.

15        *THE DEFENDANT:*  Judge, can I ask you to order Attorney

16   Becker to answer?

17        *THE COURT:*  I think he has answered your question.

18        *THE DEFENDANT:*  No, he hasn't.  He said he wasn't

19   representing me six months ago.  He never answered the

20   questions concerning the motions that he just basically a few

21   minutes ago said he was familiar with that I filed over four

22   months ago concerning his -- concerning his removal from the

23   case, his -- my request for reappointment of stand-by counsel,

24   the whole issue with the stand-by counsel situation or the

25   representation situation.  Over four months ago I asked

1    Attorney Becker why not a willful withdrawal.  Now I'm asking

2    you to order Attorney Becker to answer the question on the

3    record.

4          THE COURT:  He just did.  His answer on the record was

5    he did not withdraw because he was not your lawyer.

6          THE DEFENDANT:  That was his --

7          THE COURT:  He's never been your lawyer.  I only ever

8    appointed him as stand-by counsel.

9          THE DEFENDANT:  Okay, Judge.  I understand your

10   position, Judge, and I object to your position.  And basically

11   right now --

12         THE COURT:  Your objection is noted.

13         THE DEFENDANT:  Can I now make a request right now to

14   make a verbal request for a judicial complaint concerning you

15   the magistrate judge?

16         THE COURT:  Before we're done I'll make sure that you

17   not only have the right information, but I'll make sure you get

18   the right form.

19         THE DEFENDANT:  I wish to not have Attorney Becker at

20   this moment speak, have any influence or have any say-so or

21   have any comments on the record concerning any position of my

22   case.  That's my request as of now to you, or in a motion to

23   you to have Attorney Becker's last statement striked -- or his

24   beginning opening statement striked concerning his forced

25   position to somehow remain in my case.  Which is the fact that

1    he basically contradicted himself from the point of being

2    familiar with the motions to be removed from my case.

3         I want these contradictions on the record with the

4    Court, you and Attorney Becker, and I'm sure there's more to

5    come.  So right now I'm asking basically that you see my

6    reasons to me asking to be removed from this hearing to not be

7    present.  I'm not dealing with a kangaroo court.  I'm asking

8    for equal protection.  Everyone that comes before the court

9    deserves equal treatment.  I'm asking for equal treatment.

10        Now I understand that is -- I don't understand.  I

11   don't understand what's the issue with my case.  All I ask for

12   is a judicial complaint and ask to leave the courtroom.  I

13   don't want to deal with this.  I don't want this person

14   involved with my case, period.  I don't want him making any

15   more statements.  That's why I'm requesting it.  What's the

16   issue with this?

17        THE COURT:  There is no issue with it.  Mr. Becker was

18   appointed by me as your stand-by counsel.

19        THE DEFENDANT:  Judge, we don't have to keep --

20        THE COURT:  His suggestion that he be appointed as

21   counsel will be denied.

22        THE DEFENDANT:  Judge, your position is already stated

23   for the record.

24        THE COURT:  I'm not finished.  One at a time, please.

25   It's my ruling that you have voluntarily, knowingly and

1   intelligently waived your right to counsel.  I believe that you

2   are deliberately being obstreperous, and as a result --

3          THE DEFENDANT:  Can you clarify that word, Judge?

4          THE COURT:  You are deliberately being hard-headed.

5          THE DEFENDANT:  I'm being hard headed, Judge?

6          THE COURT:  You are deliberately attempting to delay

7   the proceedings.  And because I believe, rightly or wrongly,

8   because I believe that you are deliberately attempting to avoid

9   the consequences of this proceeding, and that you --

10          THE DEFENDANT:  My initial appearance?

11          THE COURT:  -- may not and will not be permitted to,

12   by virtue of not wanting to participate, delay the case.  You

13   have made in my view a full, voluntary and intelligent waiver.

14   I believe it was the wrong choice, but I believe it's a choice

15   that you are freely making based on my observations of you in

16   court both today and at our previous proceeding.

17          Now, your case is currently set for jury selection on

18   the 27th of August.  You have -- however, because there is a

19   new charge, you have an absolute right to require that the

20   government wait 30 days from today before your trial begins.

21   You have the right to waive that 30 days and keep your

22   August 27th trial date.

23          If you are prepared to waive those 30 days today, your

24   case will go forward on the 27th.  If you're not prepared to

25   waive that today, I will allow you until Thursday to consider

 1   whether or not you will sign a waiver, and I will have you back

 2   in court on Thursday for your answer as to whether or not you

 3   want your trial on all four charges --

 4         THE DEFENDANT:  Judge.

 5         THE COURT:  I'm not done.  -- to begin August 27th or

 6   whether or not you want to assert your right, which you

 7   absolutely can, to have at least 30 days to prepare.  Are you

 8   prepared to decide right now?

 9         THE DEFENDANT:  Judge, I object to your forcing --

10   this forcing on the hearing, to your forced decision.  But as

11   for the record I would like to try the trial to continue as

12   scheduled to protect my speedy trial rights as with the issue

13   with the pretrial motions.  But since I'm being forced to make

14   statements concerning that issue, I would like the trial to

15   continue on the 27th, but I would take -- I would like to

16   protect all the prejudice -- I would like to protect -- I would

17   like to -- I basically -- I'd like to basically protect all my

18   rights of all of the violations at this moment.  And I would

19   like to reserve my right as far as appeal, as far as any

20   violations by being forced to proceed to trial on the 27th.

21         THE COURT:  You will not be forced to proceed on the

22   27th.

23         THE DEFENDANT:  Judge, my answer is yes, I wish to

24   proceed with the 27th trial date.  With no further

25   interruptions, no further interruptions from the government or

1    from the stand-by counsel or from the Court.  But at the same

2    time, which I said at the beginning of the statement, I want to

3    observe (sic) my right to appeal or object to being forced to

4    go to trial on the 27th.  Do you understand my statements?

5            THE COURT:  I do.

6            THE DEFENDANT:  I reserve my right on appeal.  I

7    reserve my rights to speedy trial on appeal by being forced or

8    being pressured concerning the conduct of today's hearing, the

9    superseding indictments, the past issues in proceedings dealing

10   with the case.  I reserve all of my appeal rights from whatever

11   occurs or whatever prejudice that I'm receiving at this moment,

12   the past and future prejudice I'm receiving by being forced to

13   consent to the 27th trial date.

14           But my answer is yes, I want to -- I want to initiate

15   the trial on the 27th with no further interruption.

16           THE COURT:  I'm going to --

17           THE DEFENDANT:  If I'm --

18           THE COURT:  -- have the marshals hand you or the clerk

19   hand you a waiver of the 30 day period to begin the trial.

20           THE DEFENDANT:  I don't want to sign anything.  I'm

21   making a verbal request.  Do I have a right not to sign?

22           THE COURT:  You do.

23           THE DEFENDANT:  I would like to make a verbal request

24   that I would like to commit to trial on the 27th as scheduled,

25   reserving all my rights to any prejudice received from the

1    conduct of today's hearing, from the superseding indictment,

2    from the past behavior of the court, the government attorneys,

3    stand-by counsel and et cetera, et cetera.

4            THE COURT:  Is the government satisfied that that

5    waiver of the 30 days can be protected on appeal?

6            MR. SIMMERS:  No, Your Honor.  I'll tell you, the way

7    it reads under Title 18, 3161, the consent has to be in

8    writing.  I think as soon as he signs off on that, we get a new

9    trial date.  Unless he --

10            THE COURT:  Here's what we're going to do.

11            THE DEFENDANT:  The government is pushing for a new

12    trial date or what is going on?

13            THE COURT:  Let me explain to you what's going on.

14    Thank you, marshal.  I'm handing the marshals a two page piece

15    of paper.

16            THE DEFENDANT:  I understand.  I'm looking at the

17    paper.

18            THE COURT:  No.  A new one.

19            THE DEFENDANT:  I don't want to sign anything, Judge.

20            THE COURT:  You don't have to sign anything today.

21            THE DEFENDANT:  I have the paper in front of me.  I

22    don't want to sign anything in the future.  I don't want to

23    sign anything regarding this day's hearing.  My statements

24    verbally on the record that I wish to commence with the

25    27th trial date.  I don't want to be forced to sign anything

1   because it's irrelevant.

2          THE COURT:  Let me tell you why it's relevant.  If you

3   do not sign the waiver, the statute says that I must continue

4   your trial date.

5          THE DEFENDANT:  Can I ask the government to read that

6   statute for the record, please?  Can you read that statute to

7   me?  The statute he's referring to in his objection to me not

8   signing the waiver.

9          THE COURT:  Mr. Simmers, would you favor us with that,

10  please?

11         MR. SIMMERS:  Sure, Your Honor.  This is Title 18

12  United States Code, section 3161, and it would be (c)(2).

13  "Unless the defendant consents in writing to the contrary, the

14  trial shall not commence less than 30 days from the date on

15  which the defendant first appears through counsel or expressly

16  waives counsel and elects to proceed pro se."  It has to be in

17  writing in order to waive the 30 day period.

18         THE COURT:  I believe that's a correct interpretation

19  of that statute.  And so Mr. Smith, your choice is, and I'm

20  going to give you until Thursday if you don't want to make it

21  today --

22         THE DEFENDANT:  If that's -- basically if that's how

23  you interpret the statute and you are forcing me to sign, I

24  will sign it right now.

25         THE COURT:  Very well.  Will the marshals make sure he

1   has a pen?

2            THE DEFENDANT:  I'm signing, for the record.  Which

3   I'm being forced to sign, for the record.

4            MR. SIMMERS:  Your Honor, he is not being forced to

5   sign.

6            THE DEFENDANT:  I'm not?  How am I not being forced to

7   sign, Prosecutor?

8            THE COURT:  Address all of the questions to me.

9            THE DEFENDANT:  Can you ask him to clarify his last

10  statement, Judge?

11           THE COURT:  Yes.  And let me make a specific finding.

12  I find that Mr. Smith understands that he has an absolute right

13  to a 30 day waiting period before his trial would begin.  I

14  find that Mr. Smith understands that if he is going to have his

15  trial to begin on the 27th of this month, he must sign a

16  written waiver --

17           THE DEFENDANT:  I just did.

18           THE COURT:  -- of that 30 day period.  He has signed

19  that 30 day waiver.  I am, however, going to delete paragraph

20  four, which states "I have stand-by counsel, Attorney Becker,

21  and discussed the matter with my attorney and I'm satisfied

22  with his representation."  I am going to delete paragraph four

23  because I do not believe that Mr. Smith is satisfied with

24  Mr. Becker or that he would be satisfied with any lawyer at

25  this point.

1          *THE DEFENDANT:*  Judge, how do you assume if you never

2     asked?

3          *THE COURT:*  Those are the findings that I make based

4     on the record before me.

5          *THE DEFENDANT:*  Judge, I don't -- I don't understand

6     how you -- you just -- I don't understand this.  Can I -- okay.

7     Since we discussed this, can we discuss the issue of my

8     judicial complaint?  Do I have a right --

9          *THE COURT:*  We're not done.  But as soon as we are

10    before you leave, I'm going to give you that opportunity.

11         *THE DEFENDANT:*  Okay.

12         *THE COURT:*  All right.  That waiver of the 30 days

13    will be made a part of the record.  The trial date is

14    continued -- or set for jury selection on August 27th.

15         I will advise you, sir, that if you change your mind

16    between now and August 27th and you would like Mr. Becker to

17    participate either as stand-by counsel or as your retained --

18    or as your appointed counsel, as he has indicated a willingness

19    to do --

20         *THE DEFENDANT:*  Judge, can I ask you to remove -- I'm

21    now asking you to remove Attorney Becker from my case without

22    interfering with my 27th -- my scheduled 27th trial date?  Can

23    you do that, Judge?

24         *THE COURT:*  He is your stand-by counsel.  He will

25    continue to be your stand-by counsel.

1          *THE DEFENDANT:*  So that request is denied?

2          *THE COURT:*  It is.

3          *THE DEFENDANT:*  Okay.

4          *THE COURT:*  If you decide that you would like him to

5     be more actively involved, you can let him know.

6          *THE DEFENDANT:*  Judge, I would like to --

7          *THE COURT:*  If you can articulate, that is if you can

8     state with precision why it is that you believe Mr. Becker as

9     opposed to some other lawyer should not be your lawyer, you

10    should put that motion in writing.  You have indicated and

11    demonstrated to me an ability to express yourself in writing in

12    written motions.  And if you have a basis, some specific basis

13    why Mr. Becker should not be able to participate either as your

14    lawyer if you pick him or as stand-by counsel if you don't,

15    I'll entertain -- or see that Judge Conner entertains that

16    written motion.

17         *THE DEFENDANT:*  I object to your statement, Judge.

18         *THE COURT:*  Your objection is noted.

19         *THE DEFENDANT:*  I object to your last statement.  I

20    object to your decision.  I see it as another avenue to delay

21    the 27th trial date.  Why not address the issue as of now, you

22    being a magistrate judge?  Can you answer that question for me,

23    Judge?

24         *THE COURT:*  Yes.  If you can articulate right now -- I

25    want to -- you said you didn't want to talk.

1          THE DEFENDANT:  Actually --

2          THE COURT:  But if you want to talk --

3          THE DEFENDANT:  You are forcing me to.

4          THE COURT:  If you want to articulate, or list, the

5     reasons why you believe Mr. Becker should not be stand-by

6     counsel, which is is his current status --

7          THE DEFENDANT:  Well --

8          THE COURT:  -- I'll be glad to listen.

9          THE DEFENDANT:  Well, can you schedule a court date

10    for tomorrow so you can draft for the record and I discuss my

11    three or four motions that I've filed which have been

12    unanswered by the Court, and these could be discussed.  As I

13    stated before, my position is the same as I stated in my

14    motions asking for withdrawal.  Now you asking me if you want

15    me to clarify this or articulate this, can we set it for

16    tomorrow, please?  I'll have the clerk review the docket and

17    provide me a copy of my motion concerning the withdrawal, the

18    re-appointment of stand-by counsel, and I will gladly

19    articulate that for you, as you say.

20          As I said before at the beginning of this hearing, my

21    position is the same, you're forcing me to makes statements.

22    Once I already told you I wish to remain silent on the issues,

23    if you are going to force me to go through this once again in

24    vain for whatever reason, then please, I'm asking you, I'm

25    requesting that a hearing be set immediately not today but for

1   tomorrow.  Have the clerk please provide me a copy of my

2   motions concerning -- my docket motions concerning

3   withdrawal -- the withdrawal and the re-appointment of stand-by

4   counsel.  And I am glad to articulate it for you since you

5   claim you are willing to entertain.

6         THE COURT:  The motions that you have filed that are

7   on the record, and I will instruct the clerk, if there are

8   pending motions, to make a photocopy and provide them to the

9   marshals before you leave the building, those motions, once

10   they are filed, are assigned to Judge Conner, who is your trial

11   judge.

12         THE DEFENDANT:  So you have no authority to re-hear

13   those motions?

14         THE COURT:  I do not.  I have the authority to hear

15   today's issue.  And I'm also reserving for you the right to

16   file a motion that I would rule on as of today on whether or

17   not there's any reason why Mr. Becker should be removed as

18   stand-by counsel.  And I would retain jurisdiction to resolve

19   that motion because it deals with what I'm doing here today.

20         THE DEFENDANT:  Okay.  Well, I make the statement

21   again, please have me be provided with my past motions, and I

22   will re-articulate them to bring -- to basically draft it where

23   you do have authority to hear it and basically your position.

24         THE COURT:  And that will be done.  You'll get copies.

25   Of course, this highlights again the rationale and the reasons

1   for my urging you to obtain counsel.

2            THE DEFENDANT:  When would I be heard to today's

3   request, that you are considering that you are asking me to

4   articulate?  When will I be heard?  I'm requesting a hearing

5   immediately, hopefully tomorrow.

6            THE COURT:  No, it won't be tomorrow.

7            THE DEFENDANT:  When can it --

8            THE COURT:  You have not made a proper oral motion.

9            THE DEFENDANT:  I'm making an oral motion to have

10  Attorney Becker once again be removed completely from my case

11  and to refrain Attorney Becker from making any further

12  statements concerning this case and having his previous

13  statements that he just made minutes ago striked from the

14  record or striked from whatever ruling that you have authority

15  to rule on at this moment.  That's my motion.

16           THE COURT:  That motion is denied.

17           THE DEFENDANT:  So it's denied now?

18           THE COURT:  It is denied.  I give you the right to

19  file a written motion.

20           THE DEFENDANT:  I have no right to verbal motions?  No

21  right to verbal motions?

22           THE COURT:  You made your oral motion, and I have

23  denied it.

24           THE DEFENDANT:  You are not giving me an opportunity

25  to prepare or to defend.  The motion today basically is the

1    same issue at the beginning of the hearing.  I had a two hour

2    notice that I was going to court.  You told me today that you

3    are going over four --

4          THE COURT:  Four points.

5          THE DEFENDANT:  -- four points, that I had the right

6    to waive.  Basically you covered none of those points.  You

7    went complete off the record concerning other subjects.

8          THE COURT:  I think I have been on for those things.

9          THE DEFENDANT:  You covered one, which is what is

10   called the representation.

11         THE COURT:  And the nature and what you are charged

12   with.  I found that you received a copy and that you understand

13   it.  The second question was the issue of representation.  I

14   found that you've waived it by your conduct and that Attorney

15   Becker is currently stand-by counsel subject to any motion that

16   you might file to have him removed as stand-by counsel.

17         Your trial date is set -- still set for the 27th of

18   August, and I have accepted your written waiver of the 30 days

19   as to the new count in the superseding indictment.

20         The last question for us today is the issue of bail.

21   Is the defendant currently serving a sentence?

22         THE DEFENDANT:  Judge.

23         THE COURT:  That's addressed to Mr. Simmers.

24         MR. SIMMERS:  He is not, Your Honor.

25         THE COURT:  All right.  What is the current bail

1   status?

2        MR. SIMMERS:  Currently I believe there was a motion

3   at one time for detention by the government, which we will

4   renew right now.  We don't think, judging by the violent nature

5   of these crimes, Judge, he should be out on the street.  We

6   think he should be detained.

7        THE DEFENDANT:  Judge, you know, I don't have a right

8   to waive the bail?

9        THE COURT:  Sure.  My next question to you is what is

10  your position, sir --

11       THE DEFENDANT:  I object to your question.

12       THE COURT:  -- on the issue of bail?

13       THE DEFENDANT:  I object to your last question

14  concerning bail without giving me the opportunity or forcibly

15  denying me the opportunity to waive the issue of bail, which is

16  another objection.  Please.  Please.  Basically please just --

17  I would like to -- I would just like to end this hearing.  Or I

18  would like for you to end this hearing, whatever you need to do

19  to end this hearing and let me get on the record my judicial

20  complaint.  And basically that's all.

21       THE COURT:  I will end it by granting the government's

22  motion for continued detention.  I find there are no condition

23  or combination of conditions which will ensure the presence of

24  the accused or the safety of any person or the community.

25            Now, the last issue, the one you have raised, is the

1    issue of a judicial complaint.  I will see that the marshals

2    provide to you a written form that has fairly simple

3    fill-in-the-blanks complaint.

4            THE DEFENDANT:  Can I request a copy also -- also

5    request a copy of today's transcripts, hearing transcripts to

6    be forwarded with the complaint?  Hopefully -- I'm making a

7    verbal complaint for a judicial complaint.  Hopefully this can

8    be forwarded verbally to the appropriate --

9            THE COURT:  Yeah.  The appropriate method for a person

10   to file a complaint against a judge is to fill out the form

11   that we're going to provide to you.

12           THE DEFENDANT:  Would I be provided the transcripts of

13   today's hearing?

14           THE COURT:  Your request for a transcript of today's

15   hearing is granted, and I will instruct the court reporter in

16   due course to prepare and file a copy of the transcript and ask

17   that a copy of the transcript be provided to you by the clerk

18   since you are pro se.

19           Is there anything else, Mr. Simmers, we need to do

20   today?

21           MR. SIMMERS:  The only thing, Judge, in light of -- if

22   the Court is aware of these Supreme Court cases of Cooper and

23   Fry involving the cases since Mr. Smith is pro se.  I know the

24   Court can't take any part in this is when the defendant would

25   plead guilty to count four of the indictment which has the year

1    cap to it.  So he has a copy now and it's up to him to either

2    accept or object.

3        *THE DEFENDANT:*  Basically I'm requesting to see

4    everything from the government attorney through the U.S. Postal

5    Service, which obviously you haven't done earlier.  So

6    hopefully sometime soon you can send me a copy or whatever you

7    wish me to view through the U.S. postage and I will receive it

8    where I'm detained.

9        *THE COURT:*  The record will reflect that the

10   government tendered to Mr. Smith --

11       *THE DEFENDANT:*  I don't want to take anything from the

12   government attorney.  Whatever he gave to the marshals, I ask

13   the marshal to please return.  I ask whatever Attorney Becker

14   gave I asked to be returned to Attorney Becker.  I don't want

15   to have anything not forwarded through the U.S. Postal Service.

16   I just want to clarify that for the record.

17       *THE COURT:*  Here's how I understand service.  Service

18   of any process, that is any court papers, there are a number of

19   ways that they can be served.

20       *THE DEFENDANT:*  Okay.

21       *THE COURT:*  One of which is the U.S. mail.  Another of

22   which is in person.  I've noted for the record that the U.S.

23   Attorney tendered documents to you.

24       *THE DEFENDANT:*  He handed it to the marshal, Judge.

25       *THE COURT:*  Yeah, through the marshals.

 1          *THE DEFENDANT:*  He handed it to the marshal.

 2          *THE COURT:*  Yes, and the marshal still has them.

 3          *THE DEFENDANT:*  Are you ordering me to take the

 4   documents?

 5          *THE COURT:*  I am.  The rules allow for personal

 6   service, and personal service I find is appropriate in this

 7   case.

 8          *THE DEFENDANT:*  Can I have my trial evidence with the

 9   DVDs, the DVD disk that the stand-by counsel Becker has been

10   withholding for four or five months that the government has?

11   Can I have that handed to me at this moment, please?

12          *THE COURT:*  Does the government have the discovery on

13   disk that the defendant is referring to?

14          *MR. SIMMERS:*  What we have, Judge, is some videos

15   taken from the incidents as far as like --

16          *THE DEFENDANT:*  That's basically what I want.

17          *THE COURT:*  Yes.  Do you have a copy to provide to the

18   defendant, and if so --

19          *THE DEFENDANT:*  He just provided it to my lawyer -- to

20   stand-by counsel, Attorney Becker.

21          *MR. SIMMERS:*  We have provided to stand-by counsel,

22   Mr. Becker, all of the videos in this case.  My opinion would

23   be that I don't believe Mr. Smith can have those CDs in his

24   cell.  It could be a weapon.  It could be contraband.

25   Mr. Becker has every CD.

1          *THE DEFENDANT:*  The county jail allows inmates to

2     view -- they have the equipment to view it.

3          *THE COURT:*  Mr. Becker, I would ask you to please make

4     sure that if the facility where Mr. Smith is housed permits him

5     to have a copy that you would assist him in getting that copy.

6          *THE DEFENDANT:*  Can I request that he hand them to the

7     U.S. marshal at this moment?

8          *THE COURT:*  The marshals would not be authorized to

9     accept that, but Mr. Becker --

10          *THE DEFENDANT:*  The marshals just accepted.

11          *THE COURT:*  Paper.

12          *THE DEFENDANT:*  Paperwork, Judge.  That's a

13     contradiction, Judge.  I'm asking for my trial evidence that's

14     being withheld from me for six months, which is basically in my

15     motion that stand-by counsel Becker is aware of.

16          I'll give Mr. Becker a second to speak to the

17     government attorney.

18          *THE COURT:*  Attorney Becker will make arrangements for

19     that.

20          *THE DEFENDANT:*  So basically that request is denied.

21          *THE COURT:*  To have it handed to you now, that is

22     denied.

23          *THE DEFENDANT:*  To hand it to the U.S. Marshals and

24     take it back to the county jail and --

25          *THE COURT:*  Mr. Becker, do you have any objection to

1    having the marshals transmit to the county jail the video that

2    you have so that if the facility authorizes its use, it will be

3    available for his use?

4            *MR. BECKER:*  I have no objection, Your Honor, except

5    that some of the CDs and video that I have received from the

6    government are in my office in Lewisburg and are not with me

7    today.

8            *THE DEFENDANT:*  Can I have what you have at the

9    moment?

10           *MR. BECKER:*  I did receive something today.  I don't

11   even know what's in here at this point.  I haven't opened it

12   up.  I would leave it to Mr. Simmers to --

13           *THE COURT:*  Mr. Simmers.

14           *THE DEFENDANT:*  Can I see?  Can he open that for me?

15           *THE COURT:*  Why shouldn't that go with the marshals?

16           *THE DEFENDANT:*  Can he inform me of the contents of

17   the package?

18           *MR. SIMMERS:*  What we can do is actually mail to

19   Dauphin County Prison the CD.

20           *THE DEFENDANT:*  I'm requesting that it is handed to

21   the marshals.  And I'm not in Dauphin County.  I'm in Columbia

22   County jail or prison.

23           *THE COURT:*  I'm going to ask the marshals to take the

24   discovery packet that was delivered today --

25           *THE DEFENDANT:*  Can I ask -- I don't mean to cut you

1   off, Judge.  Can you have the government state the contents of

2   the package, the two packages that he handed stand-by counsel

3   at this moment?

4           THE COURT:  That's not unreasonable, Mr. Simmers.

5           MR. SIMMERS:  I would have to open them up, Judge.  I

6   know the discovery is from the September 6th incident, 2011.

7           MR. SIMMERS:  There is actually a list in here.  As

8   far as CD wise, Judge, it's use of force team January 13th,

9   2012.  The video, January 19th, 2012.  Camera block 129, D

10  block, January 19th, 2012.  D block, all video clips,

11  January 19th, 2012.  Video, use of force team September 6th,

12  2011.  Photographs of the medical assessments done on the

13  inmate, done on the victims in these cases.

14          This is the entire exhibit package, if the marshals

15  can take it.  We can gladly provide Mr. Becker with another

16  one.

17          THE COURT:  I'm seeing in front of me in addition to

18  the list of what it contains apparently some envelopes.  Do

19  each of those envelopes contain a CD or DVD?

20          MR. SIMMERS:  They do.

21          THE COURT:  I will ask the marshals if they will

22  transmit that to the prison, and consistent with the prison

23  security if they are -- if they will be permitted to keep it

24  and then have access to it.  If not then return it to the U.S.

25  Attorney's Office.

1          *DEPUTY MARSHAL KALTENBACH:*  Your Honor, this is the

2    first time I've ever been asked to transport evidentiary

3    material.

4          *THE COURT:*  Me, too.  It's not original evidence.

5    It's all copies.  And since you are the next person that will

6    be arriving at a jail with him, if the jail will accept it,

7    please receipt it and give it to them.  If they won't because

8    the CDs pose a potential security risk -- of course I don't

9    have that same feeling about paper.  I would give him copies of

10   paper right now.  If the jail has no objection.

11         *THE DEFENDANT:*  Judge, real fast, they allow inmates

12   to have CDs, discovery DVDs personally.  My request is that it

13   automatically be placed in personal property for my interview

14   in the cell.  My request is to have Columbia County, which they

15   already consented to do as for security reasons, I don't need

16   to be taken out to the legal library to view the video disks.

17   That's basically --

18         *THE COURT:*  I understand that request and I'm asking

19   the marshals to provide that information to the custodian at

20   the prison.

21         *THE DEFENDANT:*  Okay.  Hopefully that can be addressed

22   today.

23         *THE COURT:*  He will take it down.  I'm not going to

24   instruct the marshal or the warden of any prison on how to

25   conduct security.

1          *THE DEFENDANT:*  As soon as possible.  Thank you.

2          *THE COURT:*  It will be done today as far as delivery.

3          *THE DEFENDANT:*  Can I have the contents of the last

4     envelope?

5          *MR. SIMMERS:*  Both of the envelopes were intended for

6     Mr. Becker.  This envelope here has a copy of what is called a

7     Nights Vision program which allowed Mr. Becker and hopefully

8     Mr. Smith to view the prison CD.  Then there's a compact disk

9     of still photographs from cameras 129 and 130 that were

10    supplied to Mr. Becker earlier and compact disks of 129, D

11    block.  So three CDs in this envelope.

12         *THE COURT:*  Thank you.  Again, the record will reflect

13    that we have asked the marshals to transport that and provide

14    it to the personal property of the inmate at the institution,

15    if that's consistent with their policy.

16         If it's not, Marshal, I would ask you to just return

17    it to the U.S. Attorney's Office so that they will know that

18    they will have to attempt service by mail.

19         *DEPUTY MARSHAL KALTENBACH:*  I will, Your Honor.  I

20    will check it out today.

21         *THE COURT:*  Mr. Simmers, anything else for the record?

22         *MR. SIMMERS:*  Yes, Your Honor.  He actually never

23    entered a plea to the indictment.

24         *THE COURT:*  The defendant has elected to remain

25    silent.  You have that right.  Would you like to enter a plea

1    or would you like to remain silent?

2         THE DEFENDANT:  I'm told repeatedly this is an initial

3    appearance.  Whether there is an appeal, what does that have to

4    do with the initial appearance, the four points which you claim

5    are basically related to the procedures of an initial

6    appearance?  What's going on now?  I don't understand.  Are you

7    telling me you want -- you basically are forcing me to do, to

8    make decisions -- whether through statements or remaining

9    silent, you are forcing me to have a position at the moment.

10   You are forcing me to do that, along with the government.

11        THE COURT:  The Court will enter a plea of not guilty

12   on all counts for today's purposes.  You have a right to change

13   that plea, Mr. Smith, should choose to at a later date.

14   However, for today's purposes the plea that is entered by the

15   Court on your behalf is not guilty.

16        Anything else for the record, Mr. Simmers?

17        MR. SIMMERS:  No, Your Honor.

18        THE COURT:  Mr. Becker, stand-by counsel, is there

19   anything else for the record?

20        MR. BECKER:  Nothing, Your Honor.

21        THE COURT:  Mr. Smith, I'm going to see that you are

22   provided with a copy of a complaint form.

23        THE DEFENDANT:  Thank you.

24        THE COURT:  Other than that, is there anything else

25   for the record?

1        *THE DEFENDANT:*  I would once again ask stand-by

2   counsel Becker to willfully withdraw as soon as possible to

3   keep from any unnecessary future delay for the scheduled trial

4   date.  Basically requesting judicial complaints along with the

5   trial transcripts, hopefully today or at least tomorrow, as

6   soon as possible.  That's basically it at this initial hearing.

7        *THE COURT:*  Very well.  Your comments are noted.

8   Court is adjourned.

9                    (2:42 p.m., court adjourned.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                        REPORTER'S CERTIFICATE

2

3            I, Lori A. Fausnaught, RMR, CRR, Official Court

4    Reporter for the United States District Court for the Middle

5    District of Pennsylvania, appointed pursuant to the provisions

6    of Title 28, United States Code, Section 753, do hereby certify

7    that the foregoing is a true and correct transcript of the

8    within-mentioned proceedings had in the above-mentioned and

9    numbered cause on the date or dates hereinbefore set forth; and

10   I do further certify that the foregoing transcript has been

11   prepared by me or under my supervision.

12

13                              s/Lori A. Fausnaught, RMR, CRR

14                              -----------------------------
                                Lori A. Fausnaught, RMR, CRR
15                              Official Court Reporter

16

17   REPORTED BY:

18       LORI A. FAUSNAUGHT, RMR, CRR
         Official Court Reporter
19       United States District Court
         Middle District of Pennsylvania
20       240 West Third Street, Suite 446
         Williamsport, PA 17701
21

22

23            (The foregoing certificate of this transcript does
     not apply to any reproduction of the same by any means unless
24   under the direct control and/or supervision of the certifying
     reporter.)

25