IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:12-CR-11** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **RICKY JEROME SMITH,** | : | |
| | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 12th day of June, 2015, upon consideration of the motion (Doc. 130) filed *pro se* by defendant Ricky Jerome Smith ("Smith") for reversal of his conviction, wherein Smith alleges that, after his jury trial and conviction, an unidentified prisoner engaged in conduct similar to that underlying Smith's own conviction, and further alleges, based exclusively on "word of mouth from other prisoners," that government witnesses who testified against him at trial fabricated disciplinary reports in connection with this recent incident, (id.), suggesting that these developments compromise the integrity of the jury's verdict in Smith's case, (see id.), and the court noting that Smith fails to cite legal authority in support of his request for relief, (see id.), but observing that the motion is untimely if construed as a request to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, see 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this

section."),[1] and in any event does not take the proper form required by the Local Rules for such motions, see L.R. 83.32.1 ("The petition or motion . . . shall be on the standard form supplied by the clerk of court when the petition or motion is . . . a § 2255 motion."); see also R. GOVERNING § 2255 CASES R. 2(c) ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."), and further observing that, to the extent the motion is construed as request for a new trial on the basis of newly discovered evidence, see FED. R. CRIM. P. 33(b)(1), Smith must show that, *inter alia*, the purported "newly discovered evidence"[2] is not merely cumulative or impeaching, is material to the issues involved, and "would probably produce an acquittal," United States v. Saada, 212 F.3d 210, 215-16 (3d Cir. 2000) (quoting Gov't of V.I. v. Lima, 774 F.2d 1245, 1250 (3d Cir. 1985)), and that Smith's motion fails to satisfy this "heavy burden," United States v. Ashfield, 735 F.2d 101, 112 (3d Cir. 1984), because the motion seeks *only* to

---

[1] Smith was sentenced on January 17, 2013, and did not file a notice of appeal with the Third Circuit Court of Appeals. When a defendant does not file an appeal, his conviction and sentence become final on the date the defendant's time for filing an appeal expires. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Smith's opportunity to timely file a notice of appeal expired on January 31, 2013. See FED. R. APP. P. 4(b)(1)(A). Therefore, his time for filing a timely Section 2255 motion expired on January 31, 2014. See Kapral, 166 F.3d at 577. To the extent Smith's motion is construed as a request to vacate his conviction pursuant to Section 2255, the same is untimely by more than one year.

[2] Moreover, the evidence that Smith references pertains to events occurring *after* the date of his trial and conviction. The Third Circuit Court of Appeals has expressed concerns regarding Rule 33(b) motions premised upon "evidence of . . . bad acts committed *after* the defendant has been convicted." See Saada, 212 F.3d at 215-16 (emphasis added) (affirming district court's denial of Rule 33(b) motion premised on the sole fact that, following the appellants' conviction, a cooperating government witness encouraged a third party to give false testimony in a separate case).

impeach the government witnesses who testified against him at trial, and further because the *ex post facto* bad acts of a third party do not compromise the integrity of the jury's verdict with regard to Smith himself, and the court concluding that Smith's motion is, however construed, time-barred and without merit, it is hereby ORDERED that:

1. Smith's motion (Doc. 130) for reversal of conviction is DENIED.

2. Smith's motion (Doc. 131) for leave to proceed *in forma pauperis* is DENIED as moot.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania